UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  Case No. 8:18-cr-00205-02TGW

JESSE RODRIGUEZ

_____/

# ORDER

This matter comes to the Court on Defendant Jesse Rodriguez's Motion for Severance from All Defendants. Dkt. 212. The United States of America has filed an opposition in response. Dkt. 213. The Court **DENIES** the motion.

## BACKGROUND

On April 26, 2018, Defendant Jesse Rodriguez was charged in Counts One, Two, and Twelve of a multi-defendant, twelve-count indictment. Dkt. 1. Count One relates to a racketeering conspiracy in violation of 18 U.S.C. § 1962(d); Count Two involves a drug trafficking conspiracy in violation of 21 U.S.C. §§ 846 and 841(b)(1)(C); and Count Twelve relates to maintaining a drug premises and aiding and abetting in violation of 21 U.S.C. §§ 856(a)(1) and (b) and 18 U.S.C. § 2. Count One implicates seven defendants, including Jesse Rodriguez's brother, Jordan

Rodriguez. Defendant moves to sever his trial from that of his co-defendants pursuant to Federal Rule of Criminal Procedure 14(a). Dkt. 212.

**DISCUSSION**

As a general rule, individuals who are charged together should also be tried together, particularly in conspiracy cases. *See United States v. Chavez,* 584 F.3d 1354, 1360 (11th Cir. 2009). In considering a motion to sever, a district court must "balance the prejudice that a defendant may suffer from a joint trial, against the public's interest in judicial economy and efficiency." *United States v. Knowles*, 66 F.3d 1146, 1158 (11th Cir. 1995) (citation omitted). To prevail on a motion for severance, a defendant must show that they would suffer from "compelling prejudice" from the joinder. *Martinez v. United States*, Nos. 09-cv-22374, 07-cr-20252, 2010 WL 4813805, at *7 (S.D. Fla. May 5, 2010) (citation omitted). A defendant, however, does not suffer compelling prejudice simply because much of the evidence at trial applies only to co-defendants. *United States v. Abbell*, 926 F. Supp. 1545, 1552 (S.D. Fla. 1996) (citing *United States v. Smith*, 918 F.2d 1501, 1509–10 (11th Cir. 1990)).

In his motion, Defendant argues first that this Court should sever his trial from his co-defendants' trial because he will be severely prejudiced by the introduction of evidence at trial which has "no relation to him." Dkt. 212 at 5. Secondly, the defense argues that a jury will have considerable difficulty

separating Jesse Rodriguez's alleged acts in furtherance of the conspiracy from those of his co-defendant brother, Jordan Rodriguez. *Id.* at 6. The Court finds neither argument compelling.

Defendant's motion relies on the fact that because, unlike his co-defendants, Jesse Rodriguez was not charged with murder in furtherance of the conspiracy, a joint trial will unduly prejudice him. However, Defendant has not met the "heavy" burden of demonstrating compelling prejudice. *See United States v. Aiken*, 76 F. Supp. 2d 1346, 1356 (S.D. Fla. 1999). Even if he has shown prejudice, such prejudice would not outweigh the public's interest in trying Defendant and his co-conspirators together.

The government argues that severance is improper because, under *Pinkerton v. United States*, 328 U.S. 640, 646–48 (1946), a defendant's guilt may derive not just from his own acts but also from acts of his co-conspirators. Dkt. 213 at 6; *see United States v. Baldwin*, 774 F.3d 711, 727 (11th Cir. 2014) (citation omitted) ("A defendant may be held responsible for the reasonably foreseeable acts of his co-conspirators in furtherance of [a] conspiracy."). While the government could present evidence of crimes for which Defendant is perhaps not directly responsible, such evidence nonetheless would possibly relate to crimes for which the "enterprise"—the criminal organization of which Defendant allegedly is a member—is directly responsible.

In any event, such large evidentiary overlap is the nature of RICO conspiracy cases and not grounds for severance. As the First Circuit articulately explained:

> By their nature, RICO cases involve many defendants, sometimes with family relationships, and often include multiple repulsive acts. There are ways, with skillful trial management and diligent counsel, to prevent these risks from growing into actual harm.
> . . . .
> Such uneasiness is inherent in joint RICO trials, and the unsavoriness of one's co-defendant (including past criminal conduct) is not enough, by itself, to mandate severance.

*United States v. DeCologero*, 530 F.3d 36, 52–53 (1st Cir. 2008).

Accordingly, the Court disagrees that a murder charge and the charges Defendant faces differ so much in culpability as to compel severance—especially in a racketeering case. *See Aiken*, 76 F. Supp. 2d at 1350 (citation omitted) (denying motions for severance in RICO conspiracy cases involving murder where the acts alleged in the various counts were committed as an integral aspect of membership in RICO enterprise).

Defendant argues that the introduction of evidence at trial for his "more culpable" brother will unduly prejudice him because Defendant, unlike his co-conspirators, is not charged with conspiracy to commit murder. Dkt. 212 at 5. The government posits that the Defendant is "incorrect that he is considerably less culpable than his co-conspirators" and "that he is not charged with murder speaks

4

more to the luck of the victims," not his relative culpability. Dkt. 213 at 7–8. In support of this argument, the government highlights Count One which charges Defendant with, among other things, conspiracy to participate in assault, battery, and *other acts of violence* for "the Enterprise," Dkt. 1 at 5 (emphasis added), which includes "shoot[ing]" at multiple victims, *id.* at 11. Still, even if Defendant is less culpable than his co-conspirators, he would not suffer compelling prejudice because the introduction of evidence applicable only to co-defendants is not alone reason enough to compel severance. *See Abbell*, 926 F. Supp. at 1552.

Even less convincing is Defendant's argument that because his brother, Jordan Rodriguez, is a co-defendant and leader of the enterprise, jurors will be unable to distinguish between the evidence inculpating Defendant from that relating only to his brother. The Eleventh Circuit has refused to grant severance merely because of familial relations between co-conspirators. In *United States v. Villaneuva*, the defendant argued, among other things, that "the family relationship between alleged members of the conspiracy, . . . will probably result in jury confusion[.]" No. 8:12-CR-205-T-17MAP, 2016 WL 3194367 at *6 (M.D. Fla. Jun. 6, 2016). Similarly, another defendant argued that the jury could not reliably compartmentalize months of testimony against six defendants, "three of whom are brothers[.]" *Id.* at *2. While the court acknowledged that some prejudice is inherent in any conspiracy trial, both defendants nonetheless failed to establish

5

compelling prejudice that could not be remedied by "cautionary instructions at trial and jury instructions." *Id.* at *8.

For the reasons stated above, the Court finds the risk of prejudice slight and, in any event, any risk does not rise to such a level as to compel severance.

## CONCLUSION

The Court DENIES Defendant's Motion to Sever. Dkt. 212.

**DONE AND ORDERED** at Tampa, Florida, on June 27, 2019.

*/s/ William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO:**
Counsel of Record